# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM VIEHWEG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-cv-3126 |
| | ) |
| CITY of MOUNT OLIVE, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Joint Motion to Stay Discovery (d/e 33) (Motion to Stay). For the reasons set forth below, the Motion to Stay is ALLOWED. Discovery in this matter is stayed until this Court rules on Defendants Bradley D. Hummert and Henry Meisenheimer & Gende, Inc.'s Motion to Dismiss Amended Complaint (d/e 37) and Defendants' City of Mt. Olive (City), Joe Berry, Jeff Bone, Chuck Cox, James Cox, Howard Hall, John Goldacker, Leah Goldaker, Dan O'Brien, Steve Remer, Marcia Schulte, John Skertich, Richard Webb, and Melinda Zippay's Motion to Dismiss Amended Complaint (d/e 41) (collectively Motions to Dismiss).

BACKGROUND

Plaintiff William Viehweg filed this action on June 3, 2021. Complaint and Jury Demand (d/e 1) (Complaint).  Viehweg brings claims under 42 U.S.C. § 1983 against the Defendants for alleged violations of his rights to due process and equal protection in connection with his garage. Viehweg lives in the City.  Amended Complaint and Jury Demand (d/e 36) (Amended Complaint), ¶ 1.  The Defendants are the City and its mayor, aldermen, other officials, employees, attorney, and outside engineers.  Amended Complaint, ¶ 2-17.  Viehweg alleges that beginning in 2012, the Defendants served several notices on Viehweg that his garage was dilapidated and needed to be repaired or demolished.  The notices threatened the commencement of civil actions in state court to secure an order authorizing the demolition of the garage.  The notices were sent in 2012, 2013, 2014, and 2021.  Amended Complaint, ¶¶ 22-73. Viehweg alleges that the Defendants thereby conspired against him to violate his rights to due process, both procedural and substantive, and his rights to equal protection.  Viehweg seeks $20 million in damages.  Amended Complaint, at 18-21.

Defendants moved to dismiss the original Complaint and to stay discovery.  Viehweg filed the Amended Complaint.  In response, the

Defendants filed the Motions to Dismiss.  The Defendants have not withdrawn the Motion to Stay and so still seek to stay discovery.  Viehweg opposes the motion.

## ANALYSIS

This Court has broad discretion in deciding whether to stay discovery. Fed. R. Civ. P. 26 (c); <u>Liggins v. Reicks</u>, 2021 WL 285-3359, at *1 (N.D. Ill. July 8, 2021).  In deciding whether to stay discovery the court considers, "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court."  <u>Id.</u>

The Court sees little prejudice to Viehweg in staying discovery. Viehweg does not allege that the Defendants are taking any steps to threaten his garage at this time.  Thus, there is little risk to him to wait to see the outcome of the Motions to Dismiss.  A stay is likely to result in simplifying the issues in the case.  All Defendants raise the statute of limitations as a defense to some of the claims in the Amended Complaint. If successful, these motions would greatly narrow the issues.

A stay will also reduce the burden of litigation on the parties.  Several of the Defendants raise qualified immunity as a defense and also ripeness. These are threshold issues.  The qualified immunity defense is a defense

from being sued at all, not just a defense to liability.  <u>Smith v. Finkley</u>, 10 F.4th 725, 2021 WL 3660880, at*8 (7th Cir. August 18, 2021).  The ripeness claim challenges whether the case is an appropriate one for the court to consider at this time.  <u>See</u> <u>Amling v Harrow Industries, LLC</u>, 943 F.3d 373, 377-78 (7th Cir. 2019).  A stay of discovery is often appropriate when threshold issues are present because the case or some of the parties may not properly be in court.  <u>See</u> <u>e.g.</u>, <u>Landstrom v. Illinois Dept. of Children and Family Services</u>, 892 F.2d 670, 674 (7th Cir. 1990); <u>Liggins v. Reicks</u>, 2021 WL 2853359, at *1.  After weighing all the factors, the Court finds that a stay of discovery is appropriate in this case until the Motions to Dismiss are resolved.

    THEREFORE, IT IS ORDERED that Defendants' Joint Motion to Stay Discovery (d/e 33) is ALLOWED. Discovery in this matter is stayed until the pending Motions to Dismiss (d/e 37 and 41) are ruled on by the District Court.

ENTER: September 24, 2021

                      *s/ Tom Schanzle-Haskins*
                  TOM SCHANZLE-HASKINS
           UNITED STATES MAGISTRATE JUDGE